# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1686

_____

Lakes and Parks Alliance of Minneapolis, a Minnesota non-profit corporation

*Plaintiff - Appellant*

v.

Federal Transit Administration, an agency of the United States

*Defendant*

The Metropolitan Council, a public corporation and political subdivision of the State of Minnesota

*Defendant - Appellee*

_____

No. 18-1765

_____

Lakes and Parks Alliance of Minneapolis, a Minnesota non-profit corporation

*Plaintiff - Appellee*

v.

Federal Transit Administration, an agency of the United States

*Defendant*

The Metropolitan Council, a public corporation and political subdivision of the State of Minnesota

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 14, 2019
Filed: July 1, 2019

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

The Lakes and Parks Alliance of Minneapolis (LPA) appeals the district court's order granting summary judgment to the Metropolitan Council (the Council) on the LPA's claim that the Council violated the National Environmental Policy Act (NEPA) and other federal and state laws. The Council cross-appeals the district court's order denying its motion to dismiss for lack of jurisdiction. Determining that the district court lacked jurisdiction to hear the LPA's claim, we reverse and remand with instructions to dismiss.

The Council is a regional transportation agency tasked with planning and constructing the Southwestern Light Rail Transit Project (SWLRT), a proposed transit line connecting downtown Minneapolis to the southwestern Twin Cities suburbs. The Council had an active role in the municipal consent process, mandatory under Minnesota law, that required the Council to seek the approval of each city and county along the SWLRT's proposed route before continuing construction. See Minn. Stat. § 473.3994, subs. 2-3. The LPA is a nonprofit group of residents who live in or frequently use the area near the proposed construction site, including an area known as the Kenilworth Corridor.

Because the SWLRT is partially funded by the Federal Transit Administration (FTA), completion of the project also required environmental review under NEPA. NEPA requires federal agencies to craft an environmental impact statement (EIS) for all "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(C). Once an agency issues a final EIS, the FTA provides environmental clearance via a record of decision (ROD). 40 C.F.R. § 1505.2.

The Council took the first steps towards preparation of an EIS for the SWLRT in the fall of 2008. In early 2014, the Council began seeking municipal consent for a plan that routed the SWLRT through the Kenilworth Corridor. Around the same time, the LPA began to assert that the Council's environmental review process was noncompliant with federal and state law.

In September 2014, with environmental review ongoing, the LPA sued the Council and the FTA alleging violations of NEPA, the Minnesota Environmental Policy Act (MEPA), and the Minnesota municipal consent statutes. At that time, the Council had yet to complete its final EIS, and the FTA had not issued a ROD. On the same day it filed suit, the LPA filed a motion for summary judgment, which the district court denied. The Council and the FTA filed motions to dismiss. In March 2015, the district court granted the FTA's motion, as sovereign immunity barred the LPA's claim against the federal government. It also dismissed most of the LPA's claims against the Council, but it ultimately denied the Council's motion to dismiss in order to preserve a "narrow" cause of action under NEPA to prevent the Council from taking actions that could "'eviscerate' any federal remedy later available to the LPA." See Lakes & Parks Alliance of Minneapolis v. Fed. Transit Admin., 91 F. Supp. 3d 1105, 1124-25 (D. Minn. 2015) (quoting S.C. Wildlife Fed'n v. Limehouse, 549 F.3d 324, 331 (4th Cir. 2008)) (tying the cause of action "to the regulation under which it was brought, 40 C.F.R. § 1506.1(a), and the particular facts of this case").

The Council released the final EIS in May 2016, and that July, the FTA issued a ROD, determining the EIS satisfied the requirements of NEPA. The parties then filed competing motions for summary judgment. The Council again argued that it had complied with NEPA and added that the issuance of the ROD mooted the LPA's claim regardless. The LPA proceeded on its narrow NEPA claim, arguing evidence demonstrated the Council had pursued a single, politically-expedient course for the SWLRT in violation of environmental review requirements. The district court denied the LPA's motion and granted the Council's motion on the merits, holding the LPA failed to show that the Council had "irreversibly and irretrievably committed to a specific SWLRT route" before the end of environmental review.

The LPA's appeal contests this decision on the merits, asking that we affirm the district court's recognition of an implied cause of action under Limehouse but reverse the district court's analysis and find that the Council violated NEPA. In response, the Council repeats its contention that the district court erred in implying a private right of action under NEPA and 40 C.F.R. § 1506.1(a) at all.

Because "private rights of action to enforce federal law must be created by Congress," we must "interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." Alexander v. Sandoval, 532 U.S. 275, 286 (2001). Additionally, while "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, . . . it may not create a right that Congress has not." Id. at 291 (citing Touche Ross & Co. v. Redington, 442 U.S. 560, 577 n.18 (1979)). As the district court itself noted, "the Eighth Circuit, along with other circuits, has repeatedly held that NEPA's statutory text provides no right of action." Lakes & Parks, 91 F. Supp. 3d at 1120; see, e.g., Sierra Club v. Kimbell, 623 F.3d 549, 558-59 (8th Cir. 2010) ("NEPA does not provide a private right of action."). Rather, "jurisdiction is limited to judicial review under the [Administrative Procedure Act (APA)], which provides for review of 'final agency action for which there is no other adequate remedy in

court.'" Sierra Club v. U.S. Army Corps of Eng'rs, 446 F.3d 808, 813 (8th Cir. 2006) (citing 5 U.S.C. § 704). Alone, "NEPA provides procedural rather than substantive protection," and there is no indication that Congress sought "to provide a remedy for private individuals who may be injured by a violation of NEPA." Noe v. Metro. Atlanta Rapid Transit Auth., 644 F.2d 434, 438 (5th Cir. 1981); see also Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc., 435 U.S. 519, 558 (1978) ("NEPA does set forth significant substantive goals for the Nation, but its mandate to the agencies is essentially procedural.").

Nevertheless, the district court circumnavigated this precedent and relied on the Fourth Circuit's decision in Limehouse, 549 F.3d 324 (4th Cir. 2008), to imply a right of action "to stop 'state action [that] could render a NEPA violation a *fait accompli* and eviscerate the federal remedy.'" Lakes & Parks, 91 F. Supp. 3d at 1122 (alteration in original) (quoting Limehouse, 549 F.3d at 331). However, Limehouse is inapposite for several reasons: in Limehouse, there was still a federal agency party to the suit, the final EIS and ROD had been issued, and the Fourth Circuit used its own precedent that "establishe[d] that there is standing to assert procedural allegations under NEPA against state defendants in order to preserve the environmental status quo pending federal review." 549 F.3d at 330. Here, the Council is the sole defendant, the LPA filed suit prior to a final agency action, and Eighth Circuit precedent expressly rejects the viability of a NEPA cause of action outside of the APA framework, especially when the only defendant is a state agency. See Goos v. Interstate Commerce Comm'n, 911 F.2d 1283, 1293 (8th Cir. 1990) ("NEPA thus focuses on activities of the federal government and does not require federal review of the environmental consequences of private decisions or actions, or those of state or local governments.") (internal quotation marks omitted). Furthermore, 40 C.F.R. § 1506.1(a) cannot "create a right that Congress has not," Alexander, 532 U.S. at 286, and thus cannot be used as the grounds for the LPA's cause of action. Therefore, the LPA has no cause of action through which it could state a plausible claim.

Even if a <u>Limehouse</u>-like action had been appropriate at the time of the Council's motion to dismiss, any such action is now moot.  We are "without power" to decide cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>Carson v. Pierce</u>, 719 F.2d 931, 933 (8th Cir. 1983) (internal quotation marks omitted).  If the entire purpose of the action was to prevent "eviscerat[ing]" a future federal remedy, <u>Limehouse</u>, 549 F.3d at 331, that purpose no longer exists: the very federal remedy the district court sought to preserve is the very remedy the LPA declined to seek, an APA challenge to the ROD.  Because there is no longer any federal remedy available, there is no cause of action to imply to protect it.  It is the FTA who enters the final ROD, <u>see</u> 23 C.F.R. 771.127, and without the FTA present, the Council cannot itself invalidate the ROD and reinitiate environmental review.  The LPA failed to cite any case in which a state agency, as the sole defendant in a lawsuit, was ordered to reconduct environmental review.  Therefore, the LPA has no live controversy for us to resolve, and we lack jurisdiction over the matter.

Because we hold that the LPA does not have a viable cause of action, we need not address the claim on the merits.  We reverse and remand with instructions to dismiss the case.

———————————————————